IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHWESTERN DIVISION

| | |
|---|---|
| LEANNA G. BINGHAM, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 3:21-CV-05039-MDH |
| | ) |
| KILOLO KIJAKAZI, | ) |
| Acting Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

## ORDER

Before the Court is Plaintiff Leanna G. Bingham's appeal of Defendant Social Security Administration Commissioner's denial of her application for disability insurance benefits under Title II of the Social Security Act. Plaintiff exhausted her administrative remedies, and the matter is now ripe for judicial review. After carefully reviewing the record, the Court finds that the Administrative Law Judge's decision is supported by substantial evidence in the record as a whole and the decision is **AFFIRMED**.

## BACKGROUND

Plaintiff applied for benefits under Title II of the Social Security Act (Act), 42 U.S.C. §§ 401-434, due to depression, post-traumatic stress disorder (PTSD), anxiety, borderline personality disorder, hypertension, diabetes, and tricuspid regurgitation (Tr. 10, 102-03, 140). The agency denied her claim initially, and she requested a hearing before an ALJ (Tr. 70, 96-98). Following the hearing, the ALJ concluded that Plaintiff had the severe impairments of major depressive disorder, generalized anxiety disorder, bipolar disorder, PTSD, personality disorder, and alcohol use disorder (Tr. 12). The ALJ found that Plaintiff had the capacity to perform a range of work at

1

all exertional levels with non-exertional limitations, including occasional interaction with the public and supervisors, and simple work with some detailed work-related decisions and judgments associated with tasks that can be learned within three months (Tr. 16). Relying on the testimony of a vocational expert, the ALJ further found that there were jobs in significant numbers in the national economy that she could perform and she was therefore not disabled (Tr. 21). On February 25, 2021, the Appeals Council denied Plaintiff's request for review (Tr. 1-3). Thus, Plaintiff has exhausted her administrative remedies, and the ALJ's decision stands as the final decision of the Commissioner subject to judicial review. See 42 U.S.C. § 405(g).

## STANDARD

Judicial review of the Commissioner's decision is a limited inquiry into whether substantial evidence supports the findings of the Commissioner and whether the correct legal standards were applied. *See* 42 U.S.C. §§ 405(g), 1383(c)(1)(B)(ii)(3). Substantial evidence is less than a preponderance of the evidence and requires enough evidence to allow a reasonable person to find adequate support for the Commissioner's conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Freeman v. Apfel*, 208 F.3d 687, 690 (8th Cir. 2000). This standard requires a court to consider both the evidence that supports the Commissioner's decision and the evidence that detracts from it. *Finch v. Astrue*, 547 F.3d 933, 935 (8th Cir. 2008). That the reviewing court would come to a different conclusion is not a sufficient basis for reversal. *Wiese v. Astrue*, 552 F.3d 728, 730 (8th Cir. 2009). Rather, "[i]f, after review, we find it possible to draw two inconsistent positions from the evidence and one of those positions represents the Commissioner's findings, we must affirm the denial of benefits." *Id.* (quoting *Mapes v. Chater*, 82 F.3d 259, 262 (8th Cir. 1996)).

2

Courts "defer heavily to the findings and conclusions of the Social Security Administration" and will disturb the Commissioner's decision only if it falls outside the "zone of choice." *Hurd v. Astrue*, 621 F.3d 734, 738 (8th Cir. 2010); *Casey v. Astrue*, 503 F.3d 687, 691 (8th Cir. 2007). Incorrect application of a legal standard is grounds reversal, *Ford v. Heckler*, 754 F.2d 792 (8th Cir. 1985), but the Court defers to the ALJ's determinations of the credibility of witness testimony, as long as the ALJ's determinations are supported by good reasons and substantial evidence. *Pelkey v. Barnhart,* 433 F.3d 575, 578 (8th Cir. 2006). Finally, while a deficiency in opinion writing is not enough to merit reversal where it has no practical effect on the outcome, incomplete analyses, inaccuracies, and unresolved conflicts of evidence may be a basis for remand. *Reeder v. Apfel*, 213 F.3d 984, 988 (8th Cir. 2000).

**DISCUSSION**

The issue in this case is whether the mental RFC formulated by the ALJ was supported by substantial evidence. Plaintiff argues that the ALJ failed to properly consider Plaintiff's ability to interact and maintain concentration, persistence, and pace when assessing her RFC. After considering the record as a whole, the ALJ determined that Plaintiff had the mental residual functional capacity to occasionally interact with the public and supervisors (Tr. 16). She could make simple and detailed work-related decisions and judgments associated with tasks that could be learned within three months (Tr. 16). The ALJ also found that Plaintiff was able to respond appropriately to occasional changes in work-related tasks and station (Tr. 16). The Court finds that substantial evidence supports the RFC determination.

Turning first to social limitations, the record shows that Plaintiff participated in group therapy sessions and was cooperative with her treatment team (Tr. 402, 419, 444, 542, 547, 550, 552, 554). While Plaintiff initially reported avoiding shopping in aisles where there were other

3

people, she was eventually able to do so, even stating that she could finish her shopping more quickly (Tr. 416, 418). She was also able to identify triggers for her panic attacks, and they no longer occurred unexpectedly (Tr. 418). Nevertheless, Plaintiff testified that she did not do well when other people were around her and had frequent panic attacks (Tr. 37-40). The ALJ's finding that Plaintiff could have only occasional social interactions therefore balanced her reported difficulty being around people with the evidence of record showing that she was able to maintain some social interactions. Thus, the ALJ properly concluded that occasional interactions with the public and supervisors was the most Plaintiff could do, despite her impairments (Tr. 16). See 20 C.F.R. § 404.1545(a), RFC is the most a claimant can do, despite her impairments.

The other limitations are likewise supported. As the ALJ noted, Plaintiff's mental status examinations were largely within normal limits, which is inconsistent with her complaints of disabling symptoms. See 20 C.F.R. § 404.1529 ("we consider all your symptoms, including pain, and the extent to which your symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence"). Plaintiff had average intelligence, normal memory, normal thought process, and normal concentration on numerous occasions during the relevant period (Tr. 15, 18, 402, 419, 552, 563-64). These normal status examinations were also consistent with Plaintiff's daily activities. See Julin v. Colvin, 826 F.3d 1082, 1087 (8th Cir. 2016) (Plaintiff's ability to prepare two-course meals, read, play difficult internet games, leave her apartment several times a week, visit family and friends a few times each year, and have dinner at a friend's house once or twice a month showed that she was capable of completing simple tasks, leave her home, and interact with others on at least a superficial level). Plaintiff read and crocheted as hobbies, and reported reading books that she had to "force" herself to put down, suggesting that she could maintain concentration (Tr. 424). She also reported that she had nearly finished a crochet project,

suggesting that she could persist in her tasks (Tr. 557). While Plaintiff reported difficulty with changes, she demonstrated capacity in this regard that was consistent with the RFC finding. For instance, she reported having a panic attack when her plans changed, but also reported a decrease in panic attacks and an understanding of her triggers (Tr. 551). In addition, she responded appropriately when confronted by her therapist about the Ozark Center's no-show policy, stating, "that's understandable. I missed three sessions. I knew this might happen" (Tr. 415). Substantial evidence supports the ALJ's finding that Plaintiff, at most, was capable of the range of work and changes in the workplace set forth in the RFC (Tr. 16).

Citing *Lauer v. Apfel*, 2445 F.3d 700, Plaintiff argues that the ALJ improperly dismissed the medical opinions of record, thus leaving the RFC unsupported by any medical evidence. See Pl.'s Br. at 3- 4. However, *Lauer* was based on a regulatory scheme that does not apply to cases, such as the instant case, that were filed on or after March 27, 2017. See 20 C.F.R. § 404.1520c. The applicable medical regulation, 20 C.F.R. § 404.1520c, does not require the ALJ to adopt the opinion of any medical provider, stating "[w]e will not defer or give any specific evidentiary weigh, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from your medical sources." 20 C.F.R. § 404.1520c(a).

The Eight Circuit has reiterated that there is "no requirement that an RFC finding be supported by a specific medical opinion*." Hensley v. Colvin*, 829 F.3d 926, 932 (8th Cir. 2016). See also *Stringer v. Berryhill*, 700 F. App'x. 566, 567–68 (8th Cir. 2017); *Martise v. Astrue*, 641 F.3d 909, 927 (8th Cir. 2011) ("[T]he ALJ is not required to rely entirely on a particular physician's opinion or choose between the opinions [of] any of the claimant's physicians.") (quoting *Schmidt v. Astrue*, 496 F.3d 833, 845 (7th Cir. 2007)). Rather, the RFC an administrative finding based on all the relevant evidence of record. See 20 C.F.R. §§ 404.1245(a); 20 C.F.R. § 404.1546(c).

In addition, unlike what occurred in *Lauer*, the medical opinions here contained functional limitations and the ALJ found them somewhat persuasive (Tr. 18). To the extent Plaintiff argues that the ALJ was required to adopt the medical opinions, she is incorrect. The applicable regulation does not require the ALJ to defer to any opinion and requires only that he articulate the factors of consistency and supportability. 20 C.F.R. § 404.1520c(b). The ALJ did so here.

State agency examiner Stephen Scher, Ph.D., found that Plaintiff had the ability to understand and remember at least simple instructions and that she could sustain concentration, persistence and pace in a limited situation (Tr. 61). He found that she could interact in limited situations with coworkers and the public and was able to adapt to her environment in a limited setting (Tr. 61). The ALJ concluded that Dr. Scher's opinion was partially persuasive, finding that he supported it with a longitudinal review of the record (Tr. 19, 61-62). See 20 C.F.R. § 404.1520c(c)(1) (supportability considers the extent to which an examiner's objective findings and evidence support his or her conclusions). However, the ALJ found that the opinion was not entirely consistent with the record as a whole (Tr. 18). See 20 C.F.R. § 404.1520c(c)(2) (consistency considers the extent to which the other evidence of record supports an examiner's findings and conclusions). Contrary to Plaintiff's argument, the ALJ cited examination results from the medical record in concluding that Plaintiff was not more limited than set forth in the RFC. Indeed, in finding that Dr. Scher's opinion was only partially persuasive, the ALJ cited numerous medical records showing that Plaintiff was consistently alert and oriented, had normal mood and affect, was cooperative, had good eye contact, average intelligence, and normal attention, concentration, and recall (Tr. 19, 243, 357, 393, 402, 419, 451, 457, 542, 552, 563-64). The same is true of the consultative examination report. Bryce Gray, Psy.D., opined that Plaintiff could sustain concentration in simple and repetitive tasks (Tr. 394). In finding this opinion partially persuasive,

6

the ALJ again recited the medical findings of normal memory, average intelligence, normal attention and concentration, and normal recall (Tr. 20, 243, 357, 393, 402, 419, 451, 457, 542, 552, 563-64). Plaintiff's argument that the evidentiary basis of the ALJ's findings is unclear is simply incorrect. See Pl.'s Br. at 4. The ALJ supported his findings with citation to the medical evidence, in addition to other evidence in the record as a whole.

Plaintiff next argues that the ALJ did not consider her ongoing mental symptoms in assessing the RFC and engaged in a selective reading of the record. See Pl.'s Br. at 6. As an initial matter, the ALJ need not address every piece of evidence to reach a defensible decision. See Wildman v. Astrue, 596 F.3d 959, 966 (8th Cir. 2010) (quoting *Black v. Apfel*, 143 F.3d 383, 386 (8th Cir. 1998). Moreover, it is undisputed that Plaintiff had ongoing mental symptoms, and the ALJ cited Plaintiff's symptoms extensively throughout the decision. For instance, he noted reports of lack of interest, poor concentration, sleep disturbance, suicidal ideation, depressed and anxious mood, and limited insight and judgment (Tr. 17, 19-20). Such symptoms are the basis for the ALJ's finding that Plaintiff's mental impairments significantly limited her ability to perform basic work activities (Tr. 12). See SSR 85-28. However, the ALJ appropriately supported his findings regarding the extent of Plaintiff's limitations by relying on her relatively normal mental status examinations (Tr. 15, 18, 402, 419, 444, 542, 547, 550, 552, 554, 563-64). Plaintiff's argument merely advocates a reweighing of the evidence, which is not permitted. A court should disturb the ALJ's decision only if it falls outside the available "zone of choice" and a decision is not outside that zone of choice simply because the court may have reached a different conclusion had the court been the fact finder in the first instance. *Buckner v. Astrue*, 646 F.3d 549, 556 (8th Cir. 2011); see *McNamara v. Astrue*, 590 F.3d 607, 610 (8th Cir. 2010) (if substantial evidence supports the Commissioner's decision, the court "may not reverse, even if inconsistent conclusions may be

drawn from the evidence, and [the court] may have reached a different outcome"). The Eighth Circuit has repeatedly held that a court should "defer heavily to the findings and conclusions" of the Social Security Administration. Hurd v. Astrue, 621 F.3d 734, 738 (8th Cir. 2010); *Howard v. Massanari*, 255 F.3d 577, 581 (8th Cir. 2001). Substantial evidence supports the ALJ's determination.

## CONCLUSION

For the reasons set forth herein, the Court finds there is substantial evidence in the record as a whole to support the ALJ's determination. Accordingly, the Commissioner's decision denying benefits to Plaintiff is **AFFIRMED**.

**IT IS SO ORDERED.**

Dated: June 9, 2022  　　　　　　　　　　　　　　　　　　　　 */s/ Douglas Harpool*  
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　**DOUGLAS HARPOOL**  
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　**United States District Judge**